IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TOWANA PARKER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAW OFFICE OF SUSAN ADDISON )<br>BLUSH, P.C. d/b/a KENTWOOD LAW )<br>GROUP )<br>)<br>Defendant. )<br>_____ ) | Case No. 2:12-cv-15005<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |
| WEISBERG & MEYERS, LLC<br>Ronald S. Weiss (P48762)<br>7035 Orchard Lake Road, Suite 600<br>West Bloomfield, MI 48322<br>RWeiss@AttorneysForConsumers.com<br>(888) 595-9111 ext. 230<br>(866) 565-1327 Fax<br>*Lead Counsel for Plaintiff* | **Correspondence address**<br>Weisberg & Meyers, LLC<br>5025 N. Central Ave., #602<br>Phoenix, AZ 85012 |

_____

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Towana Parker ("Plaintiff"), is a natural person who at all relevant times resided in the State of Michigan, County of Washtenaw, and Township of Superior.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Law Office of Susan Addison Blush, P.C. d/b/a Kentwood Law Group ("Defendant"), is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal credit card.

10. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with the collection of an alleged debt in default (the "Debt"), Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 3, 2012 at 10:24 A.M., and at such time, left the following voicemail message:

> For Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter here in the firm. Give us a call back at your earliest convenience. The number here is toll free 855-382-7828. Again that is 855-382-7828. My extension is 13 132.

13. In its July 3, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

14. In failing to disclose that the communication was from a debt collector, in its July 3, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

15. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone

on July 9, 2012 at 11:17 A.M., and at such time, left the following voicemail message:

> Towana Parker this is your file manager Mr. Bashier with the Kentwood Law Group. Um I'm trying to follow up this business with you in regards to the matter here in my firm. I need you to give us a call back toll free at 855-382-7828. My extension is 132.

16. In its July 9, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

17. In failing to disclose that the communication was from a debt collector, in its July 9, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

18. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 10, 2012 at 10:04 A.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter here in our firm. Give us a call back at 855-382-7828. My extension is 132.

19. In its July 10, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

20. In failing to disclose that the communication was from a debt collector, in its July 10, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

21. In connection with the collection of the Debt, Defendant, by and through its

agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 12, 2012 at 10:27 A.M., and at such time, left the following voicemail message:

> Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter here in the firm. Give us a call back toll free at 855-382-7828. Again that is 855-382-7828. My direct extension is 132.

22. In its July 12, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

23. In failing to disclose that the communication was from a debt collector, in its July 12, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

24. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 16, 2012 at 10:25 A.M., and at such time, left the following voicemail message:

> This message is for Jennifer Towana Parker. This is Sullivan Bashier calling on behalf of Kentwood Law Group. Getting back in contact with you in regards to the matter in the firm I need you to give us a call back at your earliest convenience. The number is toll free 855-382-7828. Again that is 855-382-7828. My direct extension is 132.

25. In its July 16, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

26. In failing to disclose that the communication was from a debt collector, in its July 16, 2012 voicemail message, Defendant failed to meaningfully disclose its

identity to Plaintiff.

27. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 17, 2012 at 11:43 A.M., and at such time, left the following voicemail message:

> This message is intended for Towana Parker. This is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter here in the firm. Give us a call back toll free at 855-382-7828. Again that is 855-382-7828. My direct extension is 132.

28. In its July 17, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

29. In failing to disclose that the communication was from a debt collector, in its July 17, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

30. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 24, 2012 at 10:58 A.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter here in the firm. Give us a call back toll free at 855-382-7828. Again that is 855-382-7828. My direct extension is 132.

31. In its July 24, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

32. In failing to disclose that the communication was from a debt collector, in its July 24, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

33. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 26, 2012 at 3:52 P.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter in our firm. Give us a call back toll free at 855-382-7828. Again that is 855-382-7828. My direct extension is 132.

34. In its July 26, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

35. In failing to disclose that the communication was from a debt collector, in its July 26, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

36. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 27, 2012 at 10:58 A.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter here in the firm. Give us a call back toll free at 855-382-7828. 855-382-7828. My direct extension is 132.

37.     In its July 27, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

38.     In failing to disclose that the communication was from a debt collector, in its July 27, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

39.     In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on July 30, 2012 at 10:37 A.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier of the Kentwood Law Group. Give us a call back toll free at 855-382-7828. Again that is 855-382-7828. My direct extension is 132.

40.     In its July 30, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

41.     In failing to disclose that the communication was from a debt collector, in its July 30, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

42.     In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on August 9, 2012 at 11:56 A.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter in our firm. Give us a call back toll free 855-382-7828. My extension is 132.

43. In its August 9, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

44. In failing to disclose that the communication was from a debt collector, in its August 9, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

45. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on August 13, 2012 at 10:19 A.M., and at such time, left the following voicemail message:

> Towana Parker this is Sullivan Bashier calling on behalf of the Kentwood Law Group. I've been advised to get in contact with you regarding a matter in our firm. Give us a call back toll free 855-382-7828. Again that was 855-382-7828. My direct extension is 132.

46. In its August 13, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

47. In failing to disclose that the communication was from a debt collector, in its August 13, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

48. In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone

on August 28, 2012 at 10:30 A.M., and at such time, left the following voicemail message:

> Good morning this is a private and confidential matter pertaining to Mrs. Towana Parker. Mrs. Parker this is the Kentwood Law Group. Please contact Mrs. Casias at 855-382-7828. Again that number is 855-382-7828. You can reach me directly at extension number 156. Once Again Mrs. Parker this is Mrs. Casias calling from the Kentwood Law Group.

49.     In its August 28, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

50.     In failing to disclose that the communication was from a debt collector, in its August 28, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

51.     In connection with the collection of the Debt, Defendant, by and through its agent and/or employee "Sullivan Bashier," placed a call to Plaintiff's cellular telephone on August 30, 2012 at 5:53 P.M., and at such time, left the following voicemail message:

> Confidential matter pertaining to Mrs. Towana Parker. If this is not Mrs. Parker please hang up now. This is the Kentwood Law Group. Please contact Mrs. Casias at 855-382-7828. Again that number is 855 [2 seconds of silence] 382-7828 at extension number 156. Once again this is Mrs. Casias with the Kentwood Law Group.

52.     In its August 30, 2012 voicemail message, Defendant failed to notify Plaintiff that the communication was from a debt collector.

53.     In failing to disclose that the communication was from a debt collector, in

its August 30, 2012 voicemail message, Defendant failed to meaningfully disclose its identity to Plaintiff.

54. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

55. Plaintiff repeats and re-alleges each and every allegation above.

56. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

57. Plaintiff repeats and re-alleges each and every allegation above.

58. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby demands a trial by jury.

This 12th day of November, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss

Ronald S. Weiss
Michigan Bar No. P48762
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*