UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOWANA PARKER,

   Plaintiff,

v.

LAW OFFICES OF SUSAN ADDISON BLUSH,
P.C., d/b/a KENTWOOD LAW GROUP,

   Defendant.

Case No. 12-15005

Honorable John Corbett O'Meara

_____/

## OPINION AND ORDER GRANTING IN PART MOTION FOR FEES AND COSTS

This matter came before the court on plaintiff Towana Parker's motion for attorneys' fees and costs. Defendant Law Offices filed a response, and Plaintiff filed a reply brief. No oral argument was heard. Plaintiff Towana Parker filed suit November 12, 2012, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. On December 21, 2012, Defendant proposed an Offer of Judgment ("OOJ"), which Plaintiff accepted and filed with the court January 7, 2013. The January 30, 2013 amended judgment awarded Plaintiff $1000.00 in statutory damages plus $1.00 for pain and suffering.

After counsel were unable to negotiate reasonable attorneys' fees, Plaintiff's counsel filed this motion seeking $3,580.50 in fees and $425.00 in costs. In its response brief the defendant law firm contends that Plaintiff's counsel is entitled to $1,225.20 or $1,315.20, depending upon whether the court grants recovery for paralegal fees that Defendant argues are not adequately justified.

A successful FDCPA plaintiff is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). In this case plaintiff

Parker accepted Defendant's OOJ less than two months after filing her lawsuit.  Since that time, this case has dissolved into a disagreement solely over the amount of attorneys' fees.

Plaintiff's Exhibit J is an accounting of fees for three law partners, six associates, three paralegals, and three legal assistants billed at rates of $335.00-300.00, $175.00, $135.00, and $100.00, respectively.  First, the court finds that awarding fees for a total of 15 law firm employees to work on this matter is excessive.  Legal administrative tasks are generally not recoverable because "the salaries and benefits paid to support staff are 'a part of the usual and ordinary expenses of an attorney in his practice,' and are properly classified as overhead." Eiden v. Thrifty Payless, Inc., 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005) (quoting In re Pac. Exp., Inc., 56 B.R. 859, 865 (E.D. Cal. 1985).  Therefore, the court will reduce Plainitff's counsel's request for fees by the $480.00 attributed to legal assistants.

Also, the court will disallow attorneys' fees incurred after the January 30, 2013 entry of amended judgment, thereby reducing the award by an additional $1,137.50 billed for attorney Robert J. Lamb and $33.50 for attorney Aaron Radbil.  There is no dispute regarding the $425.00 to be awarded in costs.

### ORDER

It is hereby **ORDERED** that Plaintiff's motion for attorneys' fees and costs is **GRANTED IN PART** to allow $1,929.50 in attorneys' fees and $425.00 in costs.

s/John Corbett O'Meara
United States District Judge

Date:  August 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 7, 2013, using the ECF system.


s/William Barkholz
Case Manager